Argued 12 April, decided 22 May, 1905.
## SMITH *v.* LEAVENWORTH.
80 Pac. 1010.

EVIDENCE IN CASE EXAMINED.
1. The testimony does not show that plaintiff's intestate ever exercised an option given him by the defendant Leavenworth.

REPRESENTATIONS BY MORTGAGOR—EFFECT ON MORTGAGEE.
2. Representations of a mortgagor to his creditors, made in the absence of the mortgagee, and without his knowledge that the mortgage debt had been paid, are not binding on the mortgagee.

From Jackson: HIERO K. HANNA, Judge.

Statement by MR. JUSTICE BEAN.

This is a suit by Luther Smith, as administrator, to foreclose a mortgage given by the defendant Leavenworth to the plaintiff's intestate, Nelson, on certain mining property in Jackson County, to secure the payment of a promissory note for $2,000, due one year after date. The complaint contains an allegation that by mutual mistake certain property intended to be included in the mortgage was omitted from the description. As the court decided against plaintiff on that point, and he has not appealed, it will not be referred to further. After the recording of the mortgage, and before the commencement of this suit, two judgments were recovered against Leavenworth in actions at law, and the mortgaged property was sold to satisfy the same to one Witherell, who transferred his interest to the defendant Gregson. Gregson alone appears, and sets up as a defense that the note and mortgage from Leavenworth to Nelson were made in pursuance of an agreement between them by which Nelson obtained an option to purchase a one-fifth interest in Leavenworth's mining property for $5,000, it being understood and agreed that in case he elected to exercise the option, and paid the further sum of $3,000, Leavenworth would convey to him the interest in the

property, and the amount due on the note and mortgage should be considered as part of the purchase price, and the mortgage paid and satisfied; that, soon after the execution of the mortgage, Nelson exercised his option to purchase, and paid the remaining $3,000, whereupon plaintiff surrendered up the note and mortgage as fully paid and satisfied, but the mortgage was not canceled of record. These averments are denied by the plaintiff, and upon the testimony the court found in his favor, and defendant appeals.          AFFIRMED.

For appellant there was a brief over the names of *E. B. Dufur* and *J. R. Hammersley,* with an oral argument by *Mr. Hayward Hamilton Riddell.*

For respondent there was a brief and an oral argument by *Mr. William Ira Vawter.*

MR. JUSTICE BEAN delivered the opinion of the court.

1. The evidence shows that Leavenworth was, at the time he borrowed the $2,000 of Nelson, the owner of a mine of more or less prospective value in Jackson County, and that he borrowed the money for the purpose of erecting an ore mill thereon. At the time the loan was made, Leavenworth gave to Nelson a written option to purchase within a year a fifth interest in the mine for $5,000, if he so desired, and, in case he elected to do so, agreed to convey such interest upon the payment of $3,000 in addition to the money loaned. There is no evidence whatever that Nelson ever exercised the option. On the contrary, the testimony of himself and Leavenworth is to the effect that he refused to take the property, and so notified Leavenworth before the option expired. Indeed, by that time the property had been attached by Leavenworth's creditors, and it would have been impossible for him to have complied with his contract if called upon to do so. It is true that, after the note and mortgage were made, Nelson loaned Leavenworth $3,000 or more in cash, and became his surety and obligated to pay several hundred dollars in addition; but this was not in pursuance of the option, or with the intention of purchasing the property, but because of Leav-

enworth's importunity, and Nelson's good nature and faith in his representations as to the value of his mine.

2. It is in evidence that Leavenworth told his creditors that the mortgage had been paid, and that, acting upon this information, the actions at law upon which the defendant Gregson's title rests were commenced, and the judgments therein obtained; but his representations did not change the facts as they existed and were not binding on Nelson, who was not present, and knew nothing about them.

If the testimony of the witnesses in this case is to be believed, and there is no reason why it should not be, there is no alternative but to affirm the judgment, and it is so ordered.        AFFIRMED.